STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THEODORE AFFRONTI, PLAINTIFF IN ERROR.

Decided June 17, 1927.

Crimes—Selling Liquor For Beverage Purposes—Record in Case Fatally Defective—Printed Case Contains Neither Certificate of Trial Judge, Assignments of Error nor Specification of Causes For Reversal.

On error to the Ocean County Court of Quarter Sessions.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff in error, *Ward Kremer*.

For the defendant in error, *W. Durward McCloskey*, assistant prosecutor of the pleas.

PER CURIAM.

A writ of error was sued out of this court to the Ocean County Quarter Sessions Court to bring before us for review the record of conviction of the plaintiff in error in said court on an indictment charging him with having illegally sold liquor for beverage purposes, and of having possession of liquor for beverage purposes, contrary to law.

The plaintiff in error brings before us a record fatally defective. There are no assignments of errors nor specifications of causes for reversal. If it was intended to have the case reviewed on strict writ of error, on bills of exceptions, or simply on defects in the record, the printed cause should have disclosed assignments of errors specifying the particular errors relied on for a reversal of the judgment. If it was intended to have the conviction reviewed under the one hundred and thirty-sixth section of the Criminal Procedure act, then it is essential that it should appear by a certificate of the trial judge that the proceedings transmitted by him comprise the entire record of the proceedings had upon the trial. Furthermore, there must also be a specification of cause for reversal, which should point out with particularity the error relied on for a reversal. The printed case before us contains neither a certificate of the trial judge as above stated, nor any assignment of errors, nor any specification of causes for reversal.

The writ is dismissed and judgment is affirmed.